**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND VELA,

        Plaintiff - Appellant,

  v.

NORB MURPHY; et al.,

        Defendants - Appellees.

No. 06-17178

D.C. No. CV-04-00491-LRH/VPC

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

    Raymond Vela appeals pro se from the district court's judgment dismissing

with prejudice his diversity action challenging State Farm Life Insurance

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

Company, Inc.'s ("State Farm" ) refusal to pay a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987), and we affirm.

The district court did not abuse its discretion by dismissing the action because Vela did not properly serve State Farm under either California or Nevada law. *See* Cal. Civ. Proc. Code § 415.30 (requiring that service by mail be accompanied by a notice and acknowledgment of service); § 416.10 (requiring that personal service on a corporation be on its designated agent for service of process or on a corporate officer or other specified principal); Nev. R. Civ. P. 4(d)(1), 4(d)(2) (requiring service on an in-state officer or other authorized individual or on the Nevada Secretary of State). Moreover, Vela failed to carry his burden under federal law to prove that he delivered a copy of the summons and the complaint to an individual authorized to receive it on State Farm's behalf under Rule 4(h)(1) of the Federal Rules of Civil Procedure. *See Butcher's Union Local 498*, *United Food and Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) (explaining that plaintiff bears the burden of establishing that proper service was effected).

**AFFIRMED.**